UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIO MILIEN, RISLER PRESENDIEU
SYLAINE BAPTISTE, YOLETTE
FILS-AIME, GUERLIN DORELYS, and
MARIE PAUL, on behalf of themselves and
all others similarly situated,

       Plaintiffs,

v.                            Case No: 2:16-cv-892-SPC-MRM

MCCLURE PROPERTIES, LTD, and
WEST COAST TOMATO, LLC,

       Defendants.
_____/

## OPINION AND ORDER[1]

      This matter comes before the Court upon review of Defendants McClure Properties, Ltd.'s and West Coast Tomato, LLC's Motion to Dismiss the Plaintiffs' First Amended Complaint filed on February 14, 2017. (Doc. 14). Plaintiffs filed a Response on February 28, 2017. (Doc. 19). This matter is ripe for review.

## BACKGROUND

      This matter stems from allegations that Defendants' wage payment practices violated state and federal laws. (Doc. 8 at 2). Plaintiffs instituted this action on December

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

16, 2016 (Doc. 1), but later filed, as a matter of right, a First Amended Complaint on January 1, 2017.  (Doc. 8).

The five Plaintiffs in this action are either current or former employees of Defendants. (Doc. 8 at 1).  Defendants own and operate a commercial tomato farm.  (Doc. 8 at ¶¶ 9-10).  The central premise of Plaintiffs' claims is that Defendants provided them payroll debit cards through a third-party vendor.  (Doc. 8 at ¶ 44).  Once payments were distributed, Plaintiffs accessed their wages from an automatic teller machine ("ATM"), resulting in the assessment of numerous administrative fees.  (Doc. 8 at ¶¶ 47, 50).  Furthermore, the ATM only dispensed certain denominations of currency, often limiting Plaintiffs to disbursements in specific increments.  (Doc. 8 at ¶ 50).  This prevented Plaintiffs from making full withdrawals where final amounts were less than the $20 disbursement increment.  (Doc. 8 at ¶ 50).  In addition, due to ATM withdrawal limits, Plaintiffs allege that to receive the full amount of their wages, they were forced to make several withdrawals, and, in turn, to incur more administrative fees.  (Doc. 8 at ¶ 50). Upon these facts, Plaintiffs bring five causes of action:

- Count I—violation of Fla. Const. § 24, art. X for unpaid minimum wages;

- Count II—violation of the Migrant and Season Agricultural Worker Protection Act, 29 U.S.C. §§ 1801;

- Count III—violation of Fla. Stat. §§ 532.01-532.02;

- Count IV—violation of Electronic Funds Transfer Act, 15 U.S.C. §§ 1693; and

- Count V—a common law unjust enrichment claim (Doc. 8 at 16-23).

Defendants now move to dismiss the Plaintiffs' Amended Complaint.  (Doc. 14).

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal when a plaintiff fails "to state a claim upon which relief can be granted."  When considering a motion to dismiss under Rule 12(b)(6), the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation.  The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct.  *See Iqbal*, 556 U.S. at 678.  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

**DISCUSSION**

Defendants move to dismiss the Plaintiffs' Amended Complaint, arguing that Plaintiffs have merely filed a shotgun complaint and that, in the process, they have failed to state a claim upon which relief can be granted.  (Doc. 14 at 5-9).  In response, Plaintiffs contend that the Amended Complaint is not a shotgun pleading because each cause of action is pled in a separate count and arises from the same factual circumstances.  (Doc. 19 at 2-5).  The Court agrees with Defendants.

Though Defendants frame their arguments as a Rule 12(b)(6) motion to dismiss, their characterization of Plaintiffs' Amended Complaint as a shotgun pleading evokes a different ground for dismissal.  The Eleventh Circuit has held that "a defendant faced with a shotgun pleading should 'move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement.'"  *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1331 n. 10 (11th Cir. 2015) (citing *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"  *Id.*  Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Under Federal Rule of Civil Procedure 10(b):

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

"Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief[.]"  *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (citation omitted).  A complaint is considered a shotgun pleading where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  *Anderson*, 77 F.3d at 366.  A shotgun pleading "is in no sense the 'short and plain statement of the claim' "that Rule 8 requires[.]"  Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).  Shotgun pleadings are not only confusing, but they also waste judicial resources.  *See Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001).  Consequently, the Eleventh Circuit has "roundly, repeatedly,

and consistently condemn[ed]" them.  Davis v. Coca—Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008); see also Byrne, 261 F.3d at 1130 (stating, "shotgun pleadings wreak havoc on the judicial system.").  When faced with a shotgun complaint, the Eleventh Circuit encourages courts to demand repleading."  Bailey v. Janssen Pharmaceutica, Inc., 288 F. App'x 597, 603 (11th Cir. 2008) (citations omitted).

Turning to the matter at hand, the Amended Complaint plainly constitutes "the proverbial shotgun pleading," as it merely incorporates the preceding paragraphs into each subsequent count. Wagner, 464 F.3d at 1279.  In so doing, it intermingles its claims. As a result, the Amended Complaint must be dismissed.[2]

Accordingly, it is now

**ORDERED:**

1. Defendants McClure Properties, Ltd. and West Coast Tomato, LLC's Motion to Dismiss (Doc. 14) is **GRANTED**.  The First Amended Complaint is **dismissed without prejudice** in its entirety.

2. Plaintiffs may file a Second Amended Complaint on or before **April 17, 2017.  Failure to do so will result in this case being dismissed with prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of April, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] Because this Order dismisses the Amended Complaint, the Court need not reach the merits of Defendant's Fed. R. Civ. P. 12(b)(6) Motion.